In re Complaint as to the Conduct of
# WALTER L. MARTIN,
*Accused.*

(OSB 88-6; SC S34879)

775 P2d 842

Martha M. Hicks, OSB Assistant Disciplinary Counsel, Lake Oswego, for the Oregon State Bar.

No appearance contra.

Before Peterson, Chief Justice, and Linde, Carson, Jones, Van Hoomissen and Fadeley, Justices.

PER CURIAM

## PER CURIAM

The Oregon State Bar filed a disciplinary complaint against the accused after he was convicted of giving a bribe, ORS 162.015, bribing a witness, ORS 162.265, and tampering with a witness, ORS 162.285. The witness was a police officer whom the accused bribed to "fix" a prosecution for driving under the influence of intoxicants. The Bar charged the accused under two sections of the Oregon State Bar Act and three subsections of DR 1-102(A) of the Code of Professional Responsibility.[1]

The accused did not file an answer to the complaint. He appeared at the hearing before the Trial Panel of the Disciplinary Board but presented no evidence. The Bar took the position that the offenses warranted disbarment, and the accused agreed that disbarment was the appropriate sanction if the criminal convictions were affirmed on appeal.

■      The Court of Appeals subsequently affirmed the bribery convictions and reversed the conviction of tampering with a witness. *State v. Martin,* 95 Or App 170, 769 P2d 203 (1989). After the affirmance, the Trial Panel entered formal findings that the accused had violated the professional standards cited

---

[1] ORS 9.460(1) provides:

"An attorney shall:

"(1)  Support the Constitution and laws of the United States and of this state * * *."

ORS 9.527(2) provides:

"The Supreme Court may disbar, suspend or reprimand a member of the bar whenever, upon proper proceedings for that purpose, it appears to the court that:

"* * * * *

"(2)  The member has been convicted in any jurisdiction of an offense which is a misdemeanor involving moral turpitude or a felony under the laws of this state, or is punishable by death or imprisonment under the laws of the United States, in any of which cases the record of the conviction shall be conclusive evidence * * *."

DR 1-102(A) provides:

"It is professional misconduct for a lawyer to:

"* * * * *

"(2)  Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness to practice law;

"(3)  Engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

"(4)  Engage in conduct that is prejudicial to the administration of justice[.]"

by the Bar and concluded that the misconduct warranted his disbarment. Review in this court is obligatory. ORS 9.536; Bar Rules of Procedure 10.4, 10.5.

■      The accused did not file an opening brief in this court. The Bar filed a brief in support of the affirmance of the Trial Panel's decision. The facts are not in dispute. We agree with the Bar and the Trial Panel that the proper sanction after conviction of bribery of a witness is disbarment. The accused did not disagree, only asking us to await the outcome of his appeal of the convictions, and he offers no extenuating considerations, if there could be any.

The accused is disbarred. The Oregon State Bar is awarded judgment against the accused for the Bar's actual and necessary costs and disbursements.